UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESUS MANUEL MENDOZA,

                    Plaintiff,

-against-

26 FEDERAL PLAZA IMMIGRATION,

                    Defendant.

Case No. 1:23-cv-10557 (JLR)

**ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Jesus Manuel Mendoza ("Plaintiff") paid the filing fee and filed this complaint *pro se* on December 4, 2023. ECF No. 1 ("Compl."). This is Plaintiff's third suit this year against Defendant "26 Federal Plaza Immigration." *See Mendoza v. 26 Fed. Plaza Immigr.*, No. 23-cv-06759 (LTS), 2023 WL 6445865 (S.D.N.Y. Oct. 2, 2023); *Mendoza v. 26 Fed. Plaza Immigr.*, No. 23-cv-00235 (LTS), 2023 WL 2394037 (S.D.N.Y. Mar. 6, 2023). For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam), or that the Court lacks subject-matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted).

## BACKGROUND

Plaintiff brought this complaint against "26 Federal Plaza Immigration" regarding events allegedly occurring "before or after the year 2000." Compl. at 5. The following facts are alleged in the complaint. *See generally* Compl. Plaintiff's mother's true name is Ramona Simet de la Rosa. *Id.* Ramona came to the United States in 1979, using the identification papers of her aunt, who died when Ramona was a baby. *Id.* Plaintiff's father's name is Julio. *Id.* at 6. Ramona and her sister, Isabel, had different fathers, and Isabel has a son named Edwin. *Id.* at 5. Plaintiff alleges that the man who fathered Edwin is a "drug dealer." *Id.* Plaintiff contends that Isabel may have "take[n] out a[n] ID from motor vehicle DMV." *Id.* at 5-6.

Plaintiff states that he has a "big hernia" and cannot lift more than 20 pounds. *Id.* at 6. Plaintiff states that he "ha[s] a money damage of $30,000 that [he] old manny people." *Id.* He has not worked since 2017. *Id.* Plaintiff therefore is "putting a lawsuit demand for $2,000,000." *Id.*

## DISCUSSION

### I. Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the plaintiff is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Id.* The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the plaintiff is entitled to relief. *Id.*

The Court construes Plaintiff's complaint against Defendant "26 Federal Plaza Immigration" as asserting a claim against Immigration and Customs Enforcement (ICE), which has an office at 26 Federal Plaza in Manhattan. Plaintiff does not, however, plead any facts about what Defendant did or failed to do that violated Plaintiff's rights. Plaintiff states that he has an injury (namely, a hernia), but he makes no attempt to show that Defendant ICE played any role in causing that harm. He also does not plausibly allege facts suggesting that ICE or its agents took any other action that violated his rights. Plaintiff's complaint thus does not meet the requirements of Rule 8 and fails to state a claim on which relief can be granted.

## II. Immigration and Customs Enforcement

Defendant ICE is an agency of the United States. As Plaintiff should be aware based on his prior suits, "[a]bsent a waiver of sovereign immunity, the Federal Government is immune from suit." *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *see also United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued." (brackets, quotation marks and citation omitted)).[1] Plaintiff seeks damages from ICE, but he has not invoked any basis for abrogating the immunity of this federal agency. Sovereign immunity therefore bars Plaintiff's claims against ICE. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (authorizing dismissal "if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief").[2]

---

[1] In dismissing one of Plaintiff's prior suits, Chief Judge Swain advised Plaintiff that he lacked standing to compel the government to prosecute his relatives for alleged immigration fraud, as he apparently sought to do in that action. *See Mendoza*, 2023 WL 2394037, at *2.

[2] The Court also notes that an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 397 (1971), for a constitutional tort will not lie against a federal agency. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself.").

### III.     Leave to Amend

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).  But the Court has inherent power to dismiss without leave to amend or replead where "the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011).  Here, the defects in Plaintiff's complaint cannot be cured with an amendment.  Moreover, Plaintiff has repeatedly brought virtually identical claims against the same Defendant without addressing the defects identified in the Court's orders.  Under these circumstances, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous and because Defendant enjoys sovereign immunity from suit.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

Dated:  December 11, 2023
          New York, New York

SO ORDERED.

*[signature: Jennifer Rochon]*
JENNIFER L. ROCHON
United States District Judge